In the
**UNITED STATES DISTRICT COURT**
for the **SOUTHERN DISTRICT OF INDIANA,**
INDIANAPOLIS DIVISION

| | |
|---|---|
| **BETTY A. TAYLOR**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:09-cv-625-SEB-DML |
| | ) |
| **MICHAEL J. ASTRUE**, Commissioner of | ) |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

**E N T R Y**
**Defendant's Motion to Alter or Amend Judgment (doc. 27)**

The Court reversed the Commissioner's denial of Plaintiff Betty Taylor's application for disability benefits because the Commissioner's administrative law judge ("ALJ") did not cite, discuss, or otherwise indicate her reliance on any expert medical evidence to support her finding that Ms. Taylor's severe impairments did not medically equal any of the impairments included in the Listing of Impairments. We recognized that Disability Determination and Transmittal forms (Form SSA-831-C3) ("DDT") and other forms completed by state-agency medical reviewers can satisfy the requirement for expert medical evidence on the issue of medical equivalence. Entry (doc. 25) at 8 (citing 20 C.F.R. § 404.1527(f)(2)(1); S.S.R. 96-6p, 86-8; *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004); *Scott v. Sullivan*, 989 F.2d 519, 524 (7th Cir. 1990)). But we found that the forms completed on initial and reconsideration review in this case did not satisfy that requirement because the ALJ did not cite, discuss, or indicate her reliance on those forms and we concluded that it was not reasonable to assume that she implicitly relied on the forms

1

because she had clearly rejected the opinions recorded therein.

The ALJ found that Ms. Taylor had the severe impairments of borderline to low-average intelligence and marijuana abuse. In contrast, the state-agency medical consultants, reviewing the evidence and application forms that had been submitted at the time of initial and reconsideration review, found no evidence that either of these severe impairments existed. Rather, they found that she suffered from only a back impairment, (R. 33, 34 (primary diagnosis of "Disorders of the Back — Discogenic & Degenerative"), 139 (diagnosis of "chronic diffuse back pain")), a finding rejected by the ALJ. Evidently, the ALJ did not accord much, if any, weight to the state-agency medical reviewers' opinions regarding Ms. Taylor's medical condition; the ALJ evaluated the record evidence at the time of initial and reconsideration review in a fundamentally different way than the state-agency reviewers and/or relied more on later-submitted evidence and/or the hearing testimony. Therefore, not only did the ALJ not express her reliance on the state-agency's forms but, in the context of their fundamentally divergent findings, it was not reasonable to assume that the ALJ implicitly relied on them.

The Commissioner argues that the Court's ruling contravenes the well-settled doctrine expressed in *Scheck v. Barnhart*, 357 F.3d 697 (7th Cir. 2004), and Social Security Ruling ("SSR") 96-6p, that the signatures of state-agency medical examiners on DDTs and similar forms ensures that expert medical opinion has been rendered on the subject of medical equivalence at the first two levels of review (initial and reconsideration). The Commissioner contends that the opinions of state-agency psychologists Drs. Horton and Gange that were recorded on the agency forms provided a sufficient basis for the ALJ's step-three medical equivalence finding. Both Dr. Horton and Dr. Gange completed DDTs recording the above-cited

diagnoses. On initial review, Dr. Horton also completed a Psychiatric Review Technique Form ("PRTF") in which he found insufficient evidence of any mental impairment and, therefore, he did not complete the functional limitation ratings part of the form that tracks the "B" and "C" severity criteria of the mental Listings. (R. 112-24). On reconsideration review, Dr. Gange affirmed Dr. Horton's PRTF assessment. (R. 33, 111).

The Commissioner argues that the Court erred in finding that the ALJ did not rely on Drs. Horton's and Gange's forms for her medical-equivalence finding because *Scheck* held that, when an ALJ does not reject evidence in support of a claimant's claim of medical equivalence, she is not required to provide reasons for accepting the state agency's physicians' opinions. The problem with this argument is that the issue is not the ALJ's failure to provide reasons for her reliance on the forms; it is that the ALJ did not accept or rely on the state-agency psychologists' forms. She did not cite them or refer to them in her step-three discussion. It is also a fact that she rejected their opinions that Ms. Taylor did not have a severe mental impairment. Rather, she found that both of Ms. Taylor's impairments of borderline to low-average intelligence and marijuana abuse significantly limit her ability to perform basic work activities. In addition, Dr. Horton did not complete the part of his PRTF form that rates a subject's functional limitations, so there was no state-agency medical-equivalence opinion upon which the ALJ could rely.

The Commissioner argues that this is just a difference of opinion as to the severity of Ms. Taylor's impairments which does not detract from the fact that the state-agency reviewers' forms still "ensure that the issue of medical equivalence has been considered at the initial and reconsideration levels of administrative review." (Defendant's Memorandum (doc. 28) at 6). But the present issue is not whether the question of medical equivalence was considered at the

3

initial and reconsideration levels of review — which Dr. Horton's and Dr. Gange's forms indisputably demonstrate that it was — but whether, at the later ALJ level of review, the ALJ relied on qualified medical evidence on the issue of medical equivalence. In her decision, the ALJ did not cite, mention, or expressly rely upon the state-agency reviewers' DDTs or PRTF in articulating her step-three determination. In fact, as the Court's Entry pointed out, she did not articulate a medical-equivalence analysis: her step-three discussion focused solely on whether the evidence showed that Ms. Taylor's mental impairment and marijuana abuse *met* — not medically equaled — the criteria of Listings 12.02 (organic mental disorders) or 12.09 (substance addiction disorders). Moreover, the difference between the ALJ and the state-agency reviewers on the question of Ms. Taylor's severe impairments was more fundamental than a difference of opinion; the ALJ rejected their opinions that Ms. Taylor has a severe back impairment, (R. 33, 34), that imposes significant limitations, (R. 63), and that she does not have a mental impairment that imposes significant limitations, (R. 112).

Therefore, the Court adheres to its holding that the ALJ did not rely and could not have relied upon the opinions of the state-agency reviewers recorded in the DDTs and PRTF to supply the required medical evidence on the issue of medical equivalence. The Commissioner's motion is **DENIED**.

**SO ORDERED.**

Date: 03/23/2011

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Patrick Harold Mulvany
patrick@mulvanylaw.com